IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MYRA IVNES and ) | |
| CHRISTOPHER IVNES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-191 |
| ) | |
| NOVARTIS PHARMACEUTICAL ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Plaintiffs' Motion for Leave to File a First Amended Complaint to Add New Defendants and Then to Remand This Case to State Court" [doc. 34]. Defendants have filed a response in opposition [doc. 37]. Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be granted, and this civil action will be remanded to state court.

I.

*Background*

Plaintiffs filed their original complaint in the Circuit Court of Knox County, Tennessee seeking damages for injuries allegedly caused by Myra Ivnes's use of Tegretol/Carbamazepine. The complaint asserts that the pharmaceutical defendants marketed

and/or distributed the drug. The complaint specifically states that plaintiffs intended to file an amended complaint to add two physicians and medical facilities, all Tennessee residents, involved in the treatment of plaintiff Myra Ivnes regarding her use of Tegretol/Carbamazepine. Plaintiffs state in their motion that they filed the original complaint naming only the pharmaceutical defendants because the statute of limitations was close to running against those defendants but that they could not sue the medical defendants at that time. Under Tennessee law the medical defendants could not be sued until the 60-day notice requirement of Tennessee Code Annotated § 29-26-121(a)(1) had expired. The pharmaceutical defendants removed the case to this court on the basis of diversity of citizenship, 28 U.S.C. § 1332, and there is no issue that complete diversity existed at the time of removal. When the statutory waiting period involving the medical defendants expired, plaintiffs filed the present motion to add the physicians and a neurology clinic as defendants and then to remand the case to state court.

II.

*Analysis*

**Motion to Amend and Remand**

This case was removed from state court on the basis of diversity jurisdiction under 28 U.S.C. 1332, which requires "complete diversity" of the parties. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Plaintiffs are attempting to add nondiverse defendants after this case was removed from state court and

have filed their motion to do so pursuant to Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1447(e). Section 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Defendants argue that this provision is inapplicable and that 28 U.S.C. 1367(b) applies. The court does not agree.

Section 1367 deals with supplemental jurisdiction and subsection (b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). "[T]he purpose of § 1367(b) is to prevent 'plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against *other defendants who have intervened or been joined on the supplemental basis*.'" *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) (quoting H.R.Rep. No. 101-734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875) (emphasis added). Subsection 1367(b) "represents a codification of the Supreme Court's decision in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)." *Harmon v. McCreary*, No. 07-3-DLB, 2007 WL

3

4163879, at *2 (E.D. Ky. Nov. 20, 2007). *Owen* "held that a plaintiff may not bypass the jurisdiction requirements by suing only the diverse defendants and *waiting for them to implead the nondiverse defendants*." *Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 995 (7th Cir. 2000) (emphasis added).

This case does not involve the plaintiffs asking the court to exercise supplemental jurisdiction over the claims of nondiverse defendants. Rather, this case involves the plaintiffs' request to join as parties nondiverse defendants after removal of the case based on diversity of citizenship, the circumstance § 1447(e) directly addresses. *See Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *4 (E.D. Mich. May 25, 2012) ("A post-removal attempt to add non-diverse parties, whether by right or by leave, implicates section 1447(e) and requires the court to exercise discretion and adopt one of the two options available to it.").

An analysis under § 1447(e) requires the balancing of the equities. *Farm Bureau Life Ins. Co. v. Nat'l City Corp.*, No. 5:06-CV-81, 2006 WL 2728359, at *2 (W.D. Mich. Sept. 22, 2006) (citing *Marshall v. Navistar Int'l Transp. Corp.*, 168 F.R.D. 606, 612 (E.D. Mich. 1996)). There are four factors courts look to when conducting such an analysis: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002) (citing *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997)). The court must also

consider the original defendant's interest in choosing a federal forum. *Wells*, 950 F. Supp. at 201 (citing *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994)). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted).

The court has considered these factors and finds that plaintiffs' motion to amend should be granted. There is no showing that the purpose of the amended complaint is to defeat jurisdiction. The record reflects that at the time plaintiffs filed their action against the pharmaceutical defendants they were unable to include the medical defendants because of the required statutory waiting period, which had not expired. In addition, plaintiffs stated in the original complaint that they intended to file an amended complaint naming the physicians and medical facilities involved and that all those defendants had addresses in Knox County, Tennessee. While defendants have a right to a federal forum, the plaintiffs have "a right to fashion their lawsuit, select their causes of action, and advance theories against the parties of their choosing." *Farm Bureau*, 2006 WL 2728359, at *3 (quoting *J. Lewis Cooper Co. v. Diageo N. Am.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005)).

The second factor favors plaintiffs. The record does not reflect that plaintiffs were dilatory in seeking the amendment. Once the statutory waiting period had expired, plaintiffs moved within a reasonable time to amend the complaint and bring in the nondiverse medical defendants. Further, the motion to amend could not have been a surprise to the pharmaceutical defendants since the original complaint stated plaintiffs' intentions. When

5

the original defendants removed the case, they did so knowing there was risk that the case could ultimately be remanded if the nondiverse defendants were added.

Finally, plaintiffs could be prejudiced if the addition of the medical defendants is not permitted. Plaintiffs will have to file a separate lawsuit against the doctors and medical facilities; thus they will be required to manage two lawsuits in separate courts when both cases are clearly related to the same events. The maintenance of parallel lawsuits increases the parties' costs and wastes judicial resources. In addition, as plaintiffs point out, they could be substantially prejudiced by inconsistent results in two different courts. The better course is to allow plaintiffs to present all of the facts and issues related to the alleged injuries before one jury.

Therefore, the court will permit plaintiffs to amend their complaint to bring in the nondiverse defendants. This will destroy complete diversity, and accordingly the court will remand the case to the state court.

**Other Pending Motions**

Plaintiffs have also filed several other motions related to the issue before the court. The "Motion to Stay All Proceedings and for Expedited Consideration of Motion to Stay" [doc. 15] will be denied as moot. "Plaintiffs' Motion to Supplement Plaintiffs' Motion for Leave to File a First Amended Complaint to Add New Defendants, and Then to Remand This Case to State Court" [doc. 39] will be granted. Plaintiffs have also filed a motion to strike [doc. 42] the response and objection filed by Michelle L Brewer, M.D. and Knoxville

Neurology Clinic, P.L.L.C., [doc. 41]. Dr. Brewer and Knoxville Neurology Clinic are not parties to this lawsuit and have cited no authority giving them status to file such a pleading in this case. In any event, the court has no reason to consider the non-parties' response and did not do so. Therefore, plaintiffs' motion to strike will be denied as moot.[1]

### III.
### *Conclusion*

Accordingly, for the reasons stated herein, plaintiffs' motion to file an amended complaint and remand the case to state court will be granted. Plaintiffs' motion to stay and motion to strike will be denied as moot. Plaintiffs' motion to supplement will be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] "Defendant Novartis Pharmaceuticals Corporation's Motion to Dismiss" [doc. 5] will remain pending when the case is remanded to state court.